UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUMITRU MARTIN, | No. 2:25-cv-00687-DJC-AC |
| Plaintiff, | |
| v. | ORDER |
| ARINDA PHILLIPS, ET AL., | |
| Defendants. | |

On March 7, 2025, this Court issued a temporary restraining order (TRO (ECF No. 14)) ordering the release of Petitioner Dumitru Martin to prerelease custody. Prior to issuing the temporary restraining order, the Court received briefing from both parties and held a hearing on the matter. In the Order, the Court required the parties to meet and confer as to whether further evidence or briefing need be presented or whether the Court may adopt the temporary restraining order as a preliminary injunction pending final adjudication on the merits. The parties stipulated that no further briefing on the temporary restraining order or preliminary injunction was warranted. (ECF No. 16.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 24 (2008). A plaintiff seeking a

preliminary injunction must show (1) that it is likely to succeed on the merits of its claims, (2) that it is likely to suffer irreparable harm in the absence of a preliminary injunction, (3) that the balance of equities tips in its favor and (4) that an injunction is in the public interest. *Id.* at 20.  The standard for issuing a temporary restraining order is essentially the same as for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 897 n.7 (9th Cir. 2001) (explaining that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

The Court finds, based on its prior analysis (*see generally* TRO), that the *Winter* factors weigh in favor of the issuance of preliminary injunctive relief.  Accordingly, the Court will convert its previously issued temporary restraining order into a preliminary injunction pending final adjudication on the merits.

The Court may issue injunctive relief "only if the movant gives security in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P 65(c). District courts are "afforded wide discretion in setting the amount of the bond, and the bond amount may be zero if there is no evidence the party will suffer damages from an injunction." *Connecticut Gen. Life, Ins. Co, v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir. 2003) (internal citation omitted).  Respondents have not requested bond in this matter and the Court does not find that bond is necessary here.  Thus, the Court declines to require a bond.

IT IS HEREBY ORDERED that the Court's Temporary Restraining Order (ECF No. 14) is ADOPTED as an Order for Preliminary Injunction.

IT IS FURTHER ORDERED that, until further Order of the Court:

1. Respondents are ordered to transfer Mr. Dumitru Martin back into prerelease custody.  Respondents are further restrained and enjoined from removing Petitioner from prerelease custody based on his immigration status.

2. No bond shall be required under Federal Rule of Civil Procedure 65(c).

Dated: March 12, 2025

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE